Robert Muller, SBN 189651
bob@cypressllp.com
Laura Premi, SBN 211492
laurap@cypressllp.com
CYPRESS LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone:  (424) 901-0123
Facsimile:   (424) 750-5100

Attorneys for Plaintiffs
Good Technology Corporation and
Good Technology Software, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION, a Delaware corporation, and GOOD TECHNOLOGY SOFTWARE, INC., a Delaware corporation,<br><br>     Plaintiffs,<br><br>     v.<br><br>GOOD.CO, INC., a Delaware corporation,<br><br>     Defendant. | **Case No.**<br><br>COMPLAINT FOR:<br><br>1. FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §§1114(1)(a), 1125(a)(1)(A);<br><br>2. FALSE DESIGNATION, 15 U.S.C. §1125(a)(1)(A);<br><br>3. VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. §1125(d); and<br><br>4. UNFAIR BUSINESS PRACTICES, Cal. Bus. & Prof Code §17200<br><br>DEMAND FOR JURY TRIAL |

---

GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, INC'S COMPLAINT

1

Plaintiffs Good Technology Corporation and Good Technology Software, Inc. (collectively, "Good") allege against defendant Good.Co, Inc. ("Good.co" or "Defendant") as follows:

## JURISDICTION AND VENUE

1. This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1114(1)(a), 1125 (a) and (d), and California law.

2. The Court has subject matter jurisdiction over Good's claims for trademark infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

3. The Court has supplemental jurisdiction over Good's claims arising under the laws of the State of California pursuant to 28 U.S.C. § 1367(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 1400 (a) because the acts of infringement and other wrongful conduct occurred in the Northern District of California and because Defendant is subject to personal jurisdiction and may be found in this judicial district.

## THE PARTIES

5. Good Technology Corporation is a Delaware corporation with its principal place of business at 430 N. Mary Ave., Suite 200, Sunnyvale, California 94085.

6. Good Technology Software, Inc. is a Delaware corporation with its principal place of business at 430 N. Mary Ave., Suite 200, Sunnyvale, California 94085.

7. Good.co is a Delaware corporation, registered to do business in California under the name ManageUp.me, with its principal place of business at 543 Howard Street, 4th Floor, San Francisco, California 94105.

## NATURE OF THE ACTION

### Good and its Asserted Trademarks

8. Good was founded in 1996 and is headquartered in Sunnyvale, California. Since its founding, Good has established itself as a pioneer in mobile

technology software and as the leader in its field. More than 6,000 organizations in over 190 countries use Good Technology solutions, including FORTUNE® 100 leaders in commercial banking, insurance, healthcare, and aerospace and defense.

9.  For nearly fifteen years, Good has developed and marketed an ever-expanding family of products using marks that consist of or feature the word "Good," including the following software products: GOOD WORK™, GOOD FOR ENTERPRISE®, GOOD PRO™, GOOD ACCESS™, GOOD SHARE™, GOOD CONNECT™, GOOD DYNAMICS®, GOOD ENTERPRISE SUITE™, GOOD COLLABORATION SUITE™, and the GOOD MOBILITY SUITE™. These marks appear in and on Good's products, on Good's website, in the Google® Play and Apple® App Stores, and on the millions of mobile devices deployed by Good's more than 6,000 customers. Each week over 2.3 billion messages bearing the notation "Sent by Good (www.good.com)" are sent using Good's software products.

10. In addition to the direct marketing and sale of its software products and professional services, Good also partners with select independent software developers (ISVs). The ISVs develop their own mobile software applications for a variety of purposes and customers. When the ISV applications have been built using Good's proprietary Good Dynamics® platform, and have passed security testing by an independent third-party laboratory, the ISVs are then authorized to use Good's trademarks. Good's licensing of its trademarks to the ISV is its *imprimatur* that the ISV applications are protected by the highest level security features that customers have come to expect from the Good brand.

11. In addition to its widespread use of marks consisting of or featuring the word "Good," Good owns a number of trademark registrations across numerous categories of goods and services including the following representative registrations (the "GOOD Marks"):

| Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
| GOOD (Wordmark) | 3318887 | **IC 009**: Computer software for wireless electronic data transmission and synchronization; instant messaging software; pre-recorded computer programs for personal information management; database management software; character recognition software; telephony management software; electronic mail and messaging software; paging software; database synchronization software; computer programs for accessing, browsing and searching online databases; enterprise software; decision support software; transactional software; instruction manuals distributed with the foregoing.<br>**IC 038**: Telecommunication and on-line communication services, namely, wireless electronic data transmission of data and documents via computer terminals and handheld devices, and electronic transmission of messages and data; transmission of synchronized data and documents; communications via a global computer network or the internet; electronic mail services; electronic transmission of messages; paging services; voice mail services; providing on-line chat rooms and electronic bulletin boards for transmission of messages among computer users concerning computer, computer hardware and software, handheld computer, personal digital assistants, electronic organizers, wireless internet appliances, wireless messaging, and wireless electronic data transmission and synchronization; providing multiple-user access to a global computer information network; computer services related to wireless electronic transmission of data and documents via computer terminals and handheld devices, and electronic transmission of messages and data.<br>**IC 042**: Computer consulting services; computer programming; integration of computer systems and networks; creating and maintaining web-sites; computer hardware, software and internet consulting services; providing temporary use of on-line non-downloadable software for electronic messaging, paging, electronic data transmission and synchronization between computer networks and handheld computers; providing search engines for obtaining data on a global computer network. |
| GOOD (Wordmark and Design) Good | 3458624 | **IC 009:** Computer software for wireless electronic data transmission and synchronization; instant messaging software; pre-recorded computer programs for personal information management; database management software; character recognition software; telephony management software; electronic mail and messaging software; paging |

| | | | |
|---|---|---|---|
| | | | software; database synchronization software; computer programs for accessing; browsing and searching online databases; enterprise software; decision support software; transactional software; instruction manuals distributed with the foregoing. |
| | GOOD (Wordmark and Design) | 3462753 | **IC 038:** Telecommunication and on-line communication services, namely, wireless electronic transmission of data and documents via computer terminals and handheld devices, and electronic transmission of messages and data; transmission of synchronized data and documents; communications via a global computer network or the Internet; electronic mail services; electronic transmission of messages; paging services; voice mail services; providing on-line chat rooms and electronic bulletin boards for transmission of messages among computer users concerning computers, computer hardware and software, handheld computers, personal digital assistants, electronic organizers, wireless internet appliances, wireless messaging, and wireless electronic data transmission and synchronization; providing multiple-user access to a global computer information network; computer services related to wireless electronic transmission of data and documents via computer terminals and handheld devices, and electronic transmission of messages and data. |
| | GOOD (Wordmark and Design) | 3462896 | **IC 042:** Computer consulting services; computer programming; integration of computer systems and networks; creating and maintaining web-sites; computer hardware, software and Internet consulting services; providing temporary use of online non-downloadable software for electronic messaging, paging, electronic data transmission and synchronization between computer networks and handheld computers; providing search engines for obtaining data on a global computer network. |
| | GOOD DYNAMICS (Wordmark) | 4207098 | **IC 009:** Computer software, namely, software for the creation and development of information and communications security features and components for use in, by or with software applications.<br>**IC 042:** Providing temporary use of non-downloadable computer software, namely, software for the creation and development of information and communications security features and components for use in, by or with software applications; Software as a Services (Saas) for use in the creation and development of information and communications security features and components for use in, by or with software applications. |

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 | SECURED BY GOOD (Wordmark) | 4667863 | **IC 009:** Computer software, namely, software for the creation and development of information and communications security features and components for use in, by or with software applications.<br>**IC 042:** Providing temporary use of non-downloadable computer software, namely, software for the creation and development of information and communications security features and components for use in, by or with software applications; Software as a Service (Saas) for use in the creation and development of information and communications security features and components for use in, by or with software applications. |
| 8 9 10 11 12 13 | GOOD VAULT (Wordmark) | 4365382 | **IC 009:** Computer software for use in centralized management of user identities, access permissions, authentication, secure communication and protection of business and personal information for mobile communication devices.<br>**IC 042:** Software as a Service (SaaS) featuring software for use in centralized management of user identities, access permissions, authentication, secure communication and protection of business and personal information for mobile communication devices. |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | GOOD FOR ENTERPRISE (Wordmark) | 4345190 | **IC 009:** Software for management of software applications in connection with embedded cameras used by mobile communication devices; software for management of software applications in connection with providing wireless access and other wireless hands-free communication technology in connection with mobile communication devices; software for synchronizing data and images in connection with wireless electronic data transmissions on mobile communications devices; software for wireless electronic data transmission and synchronization; computer database management software for use in managing personal information content of electronic mail communications; software for management and control of access to electronic mail and text message communications; software for management of mobile connections in electronic mail transmissions and text message communications.<br>**IC 038:** Telecommunication and on-line communication services, namely, wireless electronic data transmission of data and documents via wireless computer networks and mobile communications devices; electronic transmission of messages and data; electronic transmission of synchronized data and documents via computer terminals and mobile electronic devices; providing voice communications via the Internet; electronic mail services; wireless electronic transmission of synchronized information in the form of data and documents |

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

| | | for use by or from mobile communication devices; providing multiple-user access to the Internet; wireless electronic transmission of data and documents via computer networks and mobile communication devices.<br>**IC 042:** Software as a service (SAAS) services featuring software for managing access for wireless network applications in connection with mobile communication devices; software as a service (SAAS) services featuring software for managing wireless hands-free communication technology for use in connection with mobile communication devices; software as a service (SAAS) services for managing content of personal information databases in connection with electronic mail and text message communications; software as a service (SAAS) services featuring software for management of mobile connections in electronic mail transmissions and instant message communications. |
|---|---|---|

12. Attached as **Exhibit A** and incorporated in full by this reference are true copies of the federal trademark registrations for the GOOD Marks.

13. Good began using the GOOD Marks as early as August 2001 and since that time has used the GOOD Marks continuously in connection with its mobile software applications and other products and services.

14. The GOOD Marks are owned by Good, were duly issued in compliance with the law, and are valid and subsisting. Further, many of these registrations have become incontestable, including Good's registration covering Good's core GOOD word mark (Reg. 3,318,887).

15. Pursuant to 15 U.S.C. § 1072, Defendant has had constructive notice of Good's claim of ownership in and to the GOOD Marks.

16. Good has spent millions of dollars establishing the Good brand and the GOOD Marks in the minds of its customers and members of the public. As a result of Good's continuous use, extensive sales, advertising and promotion of the GOOD Marks, these marks enjoy worldwide recognition and the goods and services they are associated with are recognized by the public as emanating from Good.

17. Good maintains a website, www.good.com, where information about Good and its longstanding use of the GOOD Marks can be found.

**Defendants Knowingly Adopted Confusingly Similar Marks**

18. According to the website of the Delware Department of State, Division of Corporations, Good.co was incorporated in or about August 2012. According to the California Secretary of State website, Good.co registered to do business in California under the corporate name Manageup.me in or about December 2012.

19. Like Good, Defendant offers software applications and related services. Also like Good, Defendant targets not only end-user consumers but also companies, as evidenced by its promotion of "employer solutions" on Defendant's website located at www.good.co.

20. Defendant should have performed a trademark search before adopting the name Good.co. Had it done so, it would have discovered the GOOD Marks and that Good has been registering and using the GOOD Marks since 2001.

21. According to Defendant's website, in approximately March of 2013 Defendant changed its corporate name from Manageup.Me and now operates under the business name Good.co.

22. At the time of the name change, Defendant knew, or should have known, of Good's prior rights in the GOOD Marks.

23. Defendant's corporate headquarters are located approximately forty (40) miles from Good's corporate headquarters.

24. Defendant's URL (www.good.co) differs from the URL for Good's corporate website (www.good.com) by only a single letter. Internet users searching for information about Good's company, products, and services can easily find themselves on Defendant's website by simply failing to type the final letter. In fact, as of January 27, 2015, entering "Good.co" in the Yahoo!® search engine results in Good's website – not Defendant's website - being returned as the

GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, INC'S COMPLAINT
8

first result. Such fact could not reasonably have been lost on Defendant when it made the decision to change its business name from Manageup.Me to Good.co.

25. As alleged below in detail, Defendant has infringed the GOOD Marks by selecting and using a confusingly similar mark.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement pursuant to 15 U.S.C. § 1114(1)(a) and § 1125(a)(1)(A))**

26. Good repeats and re-alleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Since August 2001, Good continuously has used the GOOD Marks to identify its products, including application software. Good uses the GOOD Marks throughout the United States on and in connection with its products and services including in advertising and other promotional materials and on its website www.good.com.

28. Defendant's unauthorized use of the GOOD Marks creates a likelihood of confusion, mistake, or deception among members of the public. It is likely to cause the public to believe incorrectly that Good originated, sponsored, or approved Defendant's goods or services, or that Defendant is a Good-sponsored ISV or otherwise affiliated with, connected to, or associated with Good.

29. Good is informed and believes, and upon that basis alleges, that Defendant changed its business name and uses the GOOD Marks in a deliberate and intentional effort to confuse the public as to the source of Defendant's goods or services and to reap the benefit of Good's goodwill associated with the GOOD Marks. Good.co knew or should have known that the GOOD Marks were already federally registered at the time it started infringing those marks and would have discovered the GOOD Marks had it conducted a reasonable investigation. Good believes that Defendant chose a confusingly similar name to trade off the goodwill Good established by its prominent use of the GOOD Marks for over a decade.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

30. On September 16, 2014, Good requested that Defendant cease and desist from its acts of trademark infringement, but Defendant has refused.

31. As a direct and proximate result of Defendant's willful and unlawful conduct, Good has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by the Court from infringing the GOOD Marks. It would be difficult to ascertain the amount of compensation which could afford Good adequate relief for such continuing acts. Good's remedy at law is not adequate to compensate it for the injuries threatened.

32. In light of the foregoing, Good is entitled to injunctive relief prohibiting Defendant from using the GOOD Marks or confusingly similar marks and to recover from Defendant all damages that Good has and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees, and treble damages.

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions pursuant to 15 U.S.C. § 1125(a)(1)(A))

33. Good repeats and re-alleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

34. Defendant appropriated the GOOD Marks for its own business name, brand, and website URL without Good's consent. Such use of the GOOD Marks by Defendant creates a likelihood of confusion, mistake or deception among members of the public, and is likely to cause the public to believe incorrectly that Good.co is affiliated with, connected to, or associated with Good, or that Good originated, sponsored or approved Defendant's goods, services or commercial activities, to Good's detriment.

35. Good is informed and believes, and upon that basis alleges, that Defendant uses the GOOD Marks in its business name and website URL in a

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

deliberate and intentional effort to confuse the public as to the source of Defendant's goods or services and to reap the benefit of Good's goodwill associated with the GOOD Marks. Defendant knew or should have known that the GOOD Marks were already federally registered at the time it started infringing those marks and would have discovered the GOOD Marks had it conducted a reasonable investigation. Defendant chose a name confusingly similar to the GOOD Marks to trade off the goodwill Good established by its prominent use of the GOOD Marks for over a decade.

36. On September 16, 2014, Good requested that Defendant cease and desist from its acts of trademark infringement, but Defendant has refused.

37. It would be difficult to ascertain the amount of compensation which could afford Good adequate relief for such continuing acts. Good's remedy at law is not adequate to compensate it for the injuries threatened.

38. In light of the foregoing, Good is entitled to injunctive relief prohibiting Defendant from using the GOOD Marks or confusingly similar marks and to recover from Defendant all damages that Good has and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees, and treble damages.

### THIRD CLAIM FOR RELIEF

**(Violation of the Anticybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125(d))**

39. Good repeats and re-alleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

40. Good is informed and believes and upon that basis alleges that Defendant has engaged in a bad faith attempt to profit from the GOOD Marks by *inter alia,* adopting a domain name (www.good.co) that differs by one letter from Good's domain name (www.good.com).

41. In connection with the sale of its application software, Defendant is using a domain name that is confusingly similar to the GOOD Marks and domain name. Defendant's use is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Good, or as to the origin, sponsorship, or approval of Defendant's goods and services by Good.

42. Moreover, Defendant's use of the good.co domain name is likely to cause consumers searching for Good's website to be diverted to Defendant's website.

43. Good is informed and believes and upon that basis alleges that Defendant changed its name and URL from "Manageup.Me" to "Good.co" and began using the good.co domain name to capitalize on Good's name recognition, good will and reputation.

44. It would be difficult to ascertain the amount of compensation which could afford Good adequate relief for such continuing acts. Good's remedy at law is not adequate to compensate it for the injuries threatened.

45. In light of the foregoing, Good is entitled to injunctive relief prohibiting Defendant from using the GOOD Marks or confusingly similar marks and to recover from Defendant all damages that Good has and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees, and treble damages.

## FOURTH CLAIM FOR RELIEF

**(Unfair Business Practices pursuant to Cal. Bus & Prof. Code § 17200)**

46. Good repeats and re-alleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

47. Defendant's actions alleged herein constitute unfair, illegal, or fraudulent business practices prohibited by California Business and Professions

Code section 17200 *et seq*. These actions include, but are not limited to, using the GOOD Marks and a confusingly similar URL without Good's consent for Defendant's pecuniary gain. As a result, Defendant is now unjustly enriched and is benefitting from trademark rights that belong to Good.

48. Unless enjoined by the Court, Defendants will continue to take the actions set forth above. Such actions will continue to cause great and irreparable harm to Good.

49. In light of the foregoing, Good is entitled to injunctive relief prohibiting Defendant from using the GOOD Marks or any confusingly similar mark or URL.

## **PRAYER FOR RELIEF**

WHEREFORE, Good respectfully requests judgment in its favor and against Defendant as follows:

1. For temporary, preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, representatives, shareholders, partners, joint venturers or anyone else acting on behalf of or in concert with Defendant from:

    a. Using the GOOD Marks;

    b. Using any marks which are identical or confusingly similar to that of the GOOD Marks, including use of good.co;

    c. Using the good.co domain name;

    d. Otherwise infringing upon Good's registered and common law trademarks; and

    e. Otherwise unfairly competing with Good.

2. For an order that Defendant file with the Court and serve upon counsel for Good, within thirty (30) days of the entry of the permanent injunction requested in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

3. For final judgment adjudging that Defendant:

    a. Has willfully engaged in trademark infringement under the Lanham Act;

    b. Has committed and is committing acts of false designation of origin, false or misleading description of fact and false or misleading representation against Good;

    c. Has violated the Anticybersquatting Consumer Protection Act;

    d. Has engaged in unfair methods of competition in violation of California law; and

    e. Has otherwise injured the business reputation and business of Good by its conduct.

4. For an order for an accounting by Defendant of all gains, profits and advantage derived from its wrongful acts;

5. For an order that Defendant disgorge its profits;

6. For an order that Defendant pay Good's damages and Defendant's profits trebled pursuant to 15 U.S.C. § 1117(a); and

7. For an order that Defendant pay Good applicable interest, attorneys' fees, and costs of suit.

8. For an order awarding Good such other and further relief as the Court deems just and proper.

Dated: January 27, 2015                CYPRESS LLP

                                      By: /s/ Robert Muller
                                      Robert Muller
                                      Laura Premi
                                      Attorneys for Plaintiffs
                                      Good Technology Corporation and
                                      Good Technology Software, Inc.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Good requests a trial by jury on all issues so triable in this matter.

Dated:  January 27, 2015                          CYPRESS LLP

                                                  By:   /s/ Robert Muller
                                                  Robert Muller
                                                  Laura Premi
                                                  Attorneys for Plaintiffs
                                                  Good Technology Corporation and
                                                  Good Technology Software, Inc.